JOEL M. ACKER, ADMINISTRATOR, *v.* ANNA TRUELAND ET AL.

1. HOMESTEAD. *Act of 1865. Debts prior to its passage.*

The family of a deceased debtor cannot claim a homestead exemption against a debt contracted in 1861, where no member of such family has continued to reside upon the premises, as required by art. 281, p. 529, of the Code of 1857.

In such a case, the statute of 1865 upon this subject cannot be applied to obviate the requirement of occupancy, the debt having been created before its passage.

2. SAME. *Under the Code of 1857.*

Under the Code of 1857, the homestead is a preservation of the family mansion and a certain quantity of land pertaining thereto to the debtor and his family, for a time, as a place of residence, "some member of the family continuing to reside there." The policy of the law was that the family should enjoy the property as a home, contributing to their support, until the most helpless member, "the youngest child," had reached majority; and that thereafter the estate should lose the particular privileges and characteristics imparted to it by the statute. If the debtor, or some member of his family, did not continue to occupy the premises during the time allowed for their preservation as a homestead, the exemption ceased.

3. SAME. *How defined. Reversion subject to sale.*

The homestead provided for by the Code of 1857 was a particular estate carved out of the fee, certain to terminate, but uncertain as to duration, with a reversion in the heirs of the intestate debtor. And such reversion was subject to sale for the debts of the deceased debtor, even before the termination of the particular estate.

4. SAME. *May consist of parcels of land separated.*

A homestead in a city or town may include lots or blocks separated from the dwelling-house and other buildings by a public street, where such lots or blocks are used by the family for a garden and orchard.

APPEAL from the Chancery Court of Monroe County.

Hon. LAFAYETTE HAUGHTON, Chancellor.

The appellant, who was administrator of the estate of Andrew Perrie, deceased, having exhausted the personal assets of the estate in payment of debts, and there still remaining some debts due by the intestate to John B. Sale and others, filed a bill for the purpose of subjecting the intestate's realty to the payment of the remaining debts. The chancellor, in his decree, ordered some of the lands mentioned in the bill to be sold, but declared certain town-lots to be exempt from sale, as being the homestead of the intestate's family. From this decree the complainant appealed. The other facts of the case are stated in the opinion of the court.

*Houston & Reynolds*, for the appellant.

1. The debt of Sale having been contracted in 1861, the homestead exemption of the debtor, Perrie, is to be governed,

not only as to the quantity of land, but also as to the inci-
dents of occupancy and descent, by the Code of 1857. The
act of 1865 was unconstitutional as to debts created before its
passage. *Lessley* v. *Phipps*, 49 Miss. 790. See also *Home-
stead Cases*, 22 Gratt. 266 ; *Gunn* v. *Barry*, 15 Wall. 610.

2. Under the Code of 1857, the homestead was an estate
held on the condition of occupancy by the debtor during his
lifetime, and after his death, occupancy by some member of
the family. The appellees, by abandoning the premises, have
forfeited their homestead exemption.

3. The two blocks separated from those on which the
dwelling and other buildings are situated, by a street, are not
a part of the homestead. *Reisin* v. *Man*, 15 Minn. 116 ;
*Sarahas* v. *Fenlon*, 5 Kan. 592 ; *Casselman* v. *Packard*, 16
Wis. 114.

*Murphy*, *Sykes & Bristow*, for the appellees.

1. Under the Code of 1857, occupancy was a condition
necessary to the retention of a homestead, but the third sec-
tion of the act of 1865 removed that condition. The appel-
lees, therefore, are entitled to retain their homestead,
regardless of the question of occupancy. Laws 1865, p.
137 ; *Parker* v. *Dean*, 45 Miss. 420 ; *Smith* v. *Wells*, 46
Miss. 71 ; *Harden* v. *Osborne*, 43 Miss. 536. This section
did not violate the obligation of any contract, because not
affecting any substantial right of creditors. *Gunn* v. *Barry*,
15 Wall. 623. Sale had no vested right in the homestead at
the date of his contract, but a mere expectancy. Such legis-
lation as the act of 1865 is not unconstitutional unless it
impairs some vested right. Cooley's Const. Lim. 359. A
vested right is, " where there is an immediate right of present
enjoyment, or a present, fixed right of future enjoyment."
4 Kent's Comm. 202. If a right depend upon the happening
of a condition precedent, before the happening of the
condition the Legislature may interpose and take away
the right. *Clarke* v. *McCreary*, 12 Smed. & M. 347 ; *Miss.
Society of Arts and Sciences* v. *Musgrove*, 44 Miss. 820.

2. A homestead, if in a city or town, may include one or more lots or blocks, and need not be in a compact body, or circumscribed by fences. · The only tests are use and value. *Gregg* v. *Bostwick*, 33 Cal. 220 ; *Hancock* v. *Morgan*, 17 Texas, 582 ; *Thornton* v. *Boyden*, 31 Ill. 200 ; *Fyffe* v. *Beers*, 18 Iowa, 4 ; *Clarke* v. *Shannon*, 1 Nev. 607 ; *Pryor* v. *Stone*, 19 Texas, 371 ; *Tumlinson* v. *Swinney*, 22 Ark. 400. In all of these cases the property in controversy was separated from the land upon which the residence was situated.

SIMRALL, C. J., delivered the opinion of the court.

Andrew Perrie died in 1866. The debt to Sale, on which judgment was recovered in 1870, originated in 1861, and matured in 1862. The other facts material to be considered are recited in the decree appealed from, viz.,· " that the lands should be sold for the payment of the debts ; but it appearing that blocks 110, 111, 39, and 45, in Old Aberdeen, are exempt from execution, and on the death of Andrew Perrie descended to his children, therefore this town property, which constituted the intestate's home in his lifetime, and at the time of his death, is not subject to his debts." The family, at the intestate's death, in 1866, consisted of his daughter, Mrs. Trueland (who died about a month after her father), another daughter, and two grandchildren. Margaret, one of the daughters, occupied the premises until 1868, when she removed to the house of a citizen in Aberdeen, remaining there until her death, in 1870, renting out the property. The children of Mrs. Trueland, then and still minors, left this State in 1867, and went with their father, first to Kentucky and afterwards to Kansas (where they now reside), and have not been in this State since their first removal.

The chancellor was of opinion that on the death of Andrew Perrie, in 1866, the homestead, which embraced the four *blocks* enumerated, descended, under the third section of the act of 1865 (Pamph. Acts, p. 138), to the widow, if living, as

head of the family, and, on her death or marriage, " it shall descend as other property by the laws of this State."

On the other hand, the appellant contends that the exemption as to quantity and value, as well as the duration of the estate, is governed by the Code of 1857, art. 281, p. 529.

Counsel for the respective parties agree that the Code of 1857 controls as to the *quantum* and value of the homestead, the enlargement of it by the act of 1865 being unconstitutional as to the excess, as settled in *Phipps* v. *Lessley et al.*, 49 Miss. 790.

The administrator, who seeks to sell the real estate, claims that the entire estate, as exempted under the Code, has expired, or been exhausted, and that the property is now subject to the debts of the intestate.

Art. 281, p. 529, Code 1857, provides that such exemption shall continue " after the death of such householder, for the benefit of the widow and family of the deceased, some or one of them continuing to occupy such homestead until the youngest child shall be twenty-one years of age, and until the death of the widow."

The wife died before the husband. The exemption would continue for the benefit of the family until the youngest child attained majority. The property would then lose its distinctive character as an exempt homestead, subject to be dealt with as other real estate of the intestate. It might become assets for creditors if there were then valid debts, and would descend to the heirs of the intestate " as other property, by the laws of this State." Mrs. Trueland, the daughter, died a few months after her father. Her children were removed from this State in 1867, the year after their grandfather's death, and have resided with their father, in Kentucky or Kansas, ever since. Margaret took up her abode with another family in Aberdeen in 1868, and there died in 1870. The administrator insists that no member of the family has continued to occupy and reside upon the premises since 1868, and although the

youngest grandchild may have been a member of the family
of the grandfather, and may yet be a minor, its rights have
been waived, and the premises have lost their privilege as a
homestead ; that the peculiar estate created by art. 281 has
ceased to exist.

The homestead, as defined in this article, is a preservation of
the family mansion, and a certain quantity of land pertaining
thereto, to the debtor and his family for a time, as a place of
residence, "some member of the family continuing to reside
there." It is not a perpetual exemption. The policy plainly
indicated is, that the family shall enjoy the property as a
home, contributing a support, until the most helpless member,
"the youngest child," attains majority. After that the estate
has lost the peculiar privileges and characteristics which the
statute imparts to it.

A correct solution of the question contested would be facili-
tated by an accurate conception of the homestead right. Mani-
festly, it is a statutory estate, — one which arises by operation of
law in certain circumstances, — and it has such incidents, priv-
ileges, and duration as the law annexes to it.

Under art. 281, Code 1857, it is a particular estate, carved
by law out of the estate of the debtor, upon which the reversion
depends.

If the debtor owns the entire fee, the statute makes for him
an estate for life, and after his death, continues an estate until
the widow dies and the youngest child attains majority. But
it is subject to a condition subsequent, or a contingency, on the
happening of which the estate may be defeated, — that is, if the
debtor or some member of his family does not continue to oc-
cupy the premises. On the happening of such contingency,
the reversioners have a right to the fee.

If we have given a correct delineation of the homestead
estate, it was technically a particular estate, certain to termi-
nate, but uncertain as to the time, with a reversion in the
heirs of the intestate debtor. Now, this reversion was such
a vested estate that it was liable to creditors. It might have

been sold by the Chancery Court, at the suit of the administrator, for creditors.   This has been adjudged.

If it were true that in this case the particular, exempt estate had not terminated, yet the reversion was vendible for creditors.

On the case made in the record, the homestead estate had terminated.

The dwelling-house was on blocks 110 and 111, which were separated from blocks 39 and 45 by a street.   It was agreed that the entire property was not worth more than $1,500, and that blocks 39 and 45 had been used by the family as a garden and orchard, notwithstanding the separation by the street. These parcels constituted a part of the homestead.

Decree reversed and cause remanded.